UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*FILED ELECTRONICALLY*

| | |
|---|---|
| KERRY CUMMER, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:19-CV-478-CRS |
| ) | |
| LIFE INSURANCE ) | |
| COMPANY OF NORTH AMERICA, ) | |
| ) | |
| DEFENDANT ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Life Insurance Company of North America ("LINA"), by counsel, hereby files this Notice of Removal to the United States District Court for the Western District of Kentucky, at Louisville, and state as follows:

1. On or about October 31, 2018 the Complaint in Case No. 18-CI-06332 was filed in Jefferson Circuit Court by Plaintiff against LINA.[1] The Complaint was misaddressed, and was not served on LINA until June 10, 2019, at which time counsel agreed to accept service of process. A copy is attached hereto as Exhibit A and constitutes pleadings served upon LINA to date in this action.

---

[1] The Complaint incorrectly identifies the Defendant as "Cigna Group Insurance aka Life Insurance Company of North America." The Defendant's correct legal name is Life Insurance Company of North America. The term "CIGNA Group Insurance" does not refer to any legal entity in general, to LINA, or to CIGNA Corporation specifically. This term is a registered service mark of CIGNA Intellectual Property, Inc., licensed for use by direct and indirect subsidiaries of CIGNA Corporation, including Life Insurance Company of North America.

2.     This Notice of Removal is filed within thirty (30) days after service on LINA of a copy of the Complaint and Summons in this action and Plaintiff is estopped from seeking remand of this matter on this basis.

3.     This action is of a civil nature arising from Plaintiff's claim for an alleged breach of contract and involving a claim for benefits pursuant to an employee welfare benefit plan, specifically a long-term disability plan established by Plaintiff's employer and funded by a long-term disability insurance policy issued by LINA. (Complt. ¶ ¶ 2, 20-22). Plaintiff also seeks a judgment declaring that she is entitled to future long-term disability benefits and interest, and she seeks an award of attorney's fees.

## **FEDERAL QUESTION JURISDICTION**

4.     This is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132 and 1144, inasmuch as the Complaint claims long-term disability benefits provided by an employee welfare benefit plan, established or maintained by Plaintiff's employer and regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. (Cmplt., ¶ 2)  In the Complaint, Plaintiff explicitly seeks benefits provided under a group insurance policy, which insures long term disability benefits under an employee benefit plan established and maintained by her employer, Winston Industries, LLC (i.e., the Plan). (Cmplt., ¶ 4).

5.     The employee benefit plan established and maintained by Winston Industries, LLC, and any claim for benefits thereunder, are subject to ERISA. (Cmplt., ¶¶ 2, 20-22).

6.     Based on the allegations in the Complaint, there can be no dispute that the employee benefit plan at issue, and thus this action, are governed by ERISA, and that this Court, therefore, has original federal subject matter jurisdiction over it.

7. Under the sole Count in the Complaint, Plaintiff specifically pleads the her claim under § 502(a)(1)(B) of ERISA (codified at 29 U.S.C. § 1132(a)(1)(B)). (Cmplt., ¶¶ 20-22). While in the *ad damnum* clause of her Complaint Plaintiff purports to also seek "any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA," as well as "any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA claims, or other claims that may arise once discovery is complete," she has not actually or adequately pleaded any state or common law claim. And even if she had adequately pleaded such some state or common law claims, those claims would be merely duplicative of her claim under § 502(a)(1)(B), and ERISA would therefore preempt them as ERISA provides exclusive federal remedies for resolution of claims relating to plan benefits by plan participants and beneficiaries. *Hogan v. Jacobson,* 823 F.3d 872, 879 (6th Cir. 2016).

8. As further acknowledgment that the sole claim alleged in this action is for relief under § 502(a)(1)(B) of ERISA Plaintiff has not made a demand for trial by jury. *See Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 616 (6th Cir. 1998).

9. For the foregoing reasons, Plaintiff's action is removable to this Court pursuant to 29 U.S.C. § 1441 as an action founded upon a claim or right arising out of the laws of the United States. An action relating to benefits provided by an ERISA plan is properly removable, even if the defense of ERISA preemption does not appear on the face of the Complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S. Ct. 1542 (1987).

WHEREFORE, Defendant, Life Insurance Company of North America, hereby gives notice of this removal from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, at Louisville.

Respectfully submitted,

/s/Mitzi D. Wyrick
Mitzi D. Wyrick
David A. Calhoun
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
(502) 589-5235
(502) 589-0309
mitziwyrick@wyattfirm.com
dcalhoun@wyattfirm.com
*Counsel for Defendant, Life Insurance Company of North America*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on this 1st day of July, 2019 the foregoing Notice of Removal was filed with the clerk using the Court's CM/ECF System.  The undersigned further certifies a copy of same was served this 1st day of July, 2019 upon:

Robert A. Florio
1500 Story Avenue
Louisville, KY 40206
*Counsel for Plaintiff, Kerry Cummer*

/s/Mitzi D. Wyrick
*One of Counsel for Defendants*

61847519.1

4